# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC.; and CAROLYN MCGUFFIN, | |
| Plaintiffs, | |
| v. | Case No. 1:16-cv-880-WTL-DML |
| CAROLYN SMITLEY, individually and as trustee of the Smitley Family Trust, | |
| Defendant. | |

### PLAINTIFF FAIR HOUSING CENTER OF CENTRAL INDIANA'S
### MOTION TO COMPEL DEFENDANT TO RESPOND TO DISCOVERY

This is a fair housing case. Carolyn McGuffin leased a dwelling at the Smitley Apartments, owned by the Smitley Family Trust and managed by Carolyn Smitley. Smitley repeatedly demanded that McGuffin, who was largely confined to a hospital bed in the unit while recovering from an illness, leave the unit. Smitley maintained that McGuffin was "too sick" to live there and should be "in a nursing home." Smitley refused McGuffin's attempt to pay rent and then unsuccessfully filed for eviction for non-payment of rent. The Fair Housing Center investigated McGuffin's allegations. The investigation confirmed the discrimination and additionally revealed familial status discrimination, an "Adults Only" sign outside the front door.

Plaintiffs Fair Housing Center and McGuffin then filed this lawsuit. Plaintiff Fair Housing Center has served written discovery. To date, Smitley has failed to answer. Plaintiff's counsel has made repeated attempts to follow-up in good faith on these missed discovery deadlines. Smitley's counsel has failed to respond. Smitley has also refused to communicate about deposition scheduling. Plaintiff Fair Housing Center now files this Motion pursuant to

Federal Rules of Civil Procedure and Local Rules 37-1 and moves the Court for an order compelling Smitley to respond to Fair Housing Center's outstanding discovery, and to appear for a deposition within 30 days or, alternatively, to file a Rule 26(c) motion proving why she cannot appear for a deposition.

## I. Background

On April 19, 2016, Plaintiffs filed this action. (Compl., Doc. #1). Instead of filing an Answer, Smitley requested additional time on May 18, 2016. (Mot. for Extension of Time, Doc. #9). Though Smitley and Smitley's counsel were familiar with the charges, having previously answered substantially similar allegations in administrative complaints filed with the Indiana Civil Rights Commission, Smitley requested a long 49-day extension. (*Id.*; Pls.' Partial Opp'n to Defs.' Mot. for an Extension of Time, Doc. #11). This Court granted Smitley a 28-day extension. (Order, Doc. #14).

### A. Written Discovery

Plaintiff Fair Housing Center served its first set of requests for production under Federal Rules of Civil Procedure 26(d)(2) on June 6, 2016. Exhibit A. Under Federal Rules of Civil Procedure 34(b)(2)(A), when served under Federal Rules of Civil Procedure 26(d)(2), a written response is due within 30 days after the parties' first Rule 26(f) conference. That 26(f) conference was held on June 24, 2016. As such, the response due date was July 25, 2016.

Having received no response to Plaintiff's requests for production by July 25, 2016, Plaintiff's counsel sent an email to Smitley's counsel on July 26, 2016. Exhibit B at 2. Admitting the missed deadline, Smitley's counsel requested an extension until August 2, 2016. *Id.* at. 1. That extension was granted. *Id.* On August 2, 2016, Smitley provided zero

documents in response to 21 requests for production. Exhibit C. Smitley objected to Requests #15 and #16 (without stating grounds for objections, as required by Federal Rules of Civil Procedure 34(b)(2)(B)); noted that a current lease could be provided, if requested; and stated that Smitley had no written documents responsive to every other request. *Id.* Plaintiff's counsel sent a follow-up email to Smitley's counsel the same day requesting a copy of the current lease and the specific reasons for Smitley's objections. Exhibit D. To date, Smitley has provided neither.

On July 14, 2016, Plaintiff McGuffin served Smitley with interrogatories, requests for production, and requests for admission. Exhibit E. Pursuant to Federal Rules of Civil Procedure 33(b)(2), 34(b)(2) and 36(a)(3), respectively, responses for each were due August 13, 2016. Again, no responses were received by the deadline. Sadly, Plaintiff McGuffin passed away on August 4, 2016. (Notice of Death, Doc. #22). Anticipating a protracted battle on Smitley's obligation to respond to the outstanding discovery served by the now-deceased plaintiff, the interrogatories, requests for production, and requests for admission were instead simply re-served by Plaintiff Fair Housing Center on August 22, 2016. Exhibit F. It is these three sets of discovery – Plaintiff Fair Housing Center's First Set of Interrogatories, First Set of Requests for Admission, and Second Set of Requests for Production – that are the subject of this motion to compel. The due date for responses to this newly-served discovery was September 21, 2016. Again, no responses were received by the deadline. Plaintiff's counsel sent an email follow-up to Smitley's counsel on September 28, 2016. Exhibit G. To date, no response has been provided to that follow-up inquiry.

### B. Deposition of Carolyn Smitley

Plaintiffs also moved early to depose Smitley. On June 27, 2016, Plaintiff McGuffin

served a Notice of Deposition on Smitley for August 23, 2016. Exhibit H. The Notice requested that Smitley's counsel contact Plaintiff's counsel if the noticed time was inconvenient. *Id*. Smitley's counsel did not respond to the notice. A few days before the deposition, on August 18, 2016, Plaintiff's counsel emailed Smitley's counsel, inquiring whether Smitley planned to attend. Exhibit I at 3. Smitley's counsel responded the same day questioning, for the first time, why the deposition should move forward without a plaintiff, as McGuffin had passed away but not saying explicitly whether Smitley would attend the deposition. *Id*. at 2-3. Plaintiff's counsel responded the same day, saying that the Fair Housing Center has been and continues to be a plaintiff in the lawsuit. *Id*. at 2. Plaintiff's counsel had also previously informed Smitley's counsel of an intent to file a substitution motion pursuant to Federal Rules of Civil Procedure 25(a).

Both Plaintiff's and Smitley's counsel then attended the same Continuing Legal Education program on August 19, 2016. Plaintiff's counsel asked Smitley's counsel whether Smitley planned to attend the noticed deposition on August 23, 2016. Smitley's counsel stated that a response would be provided by August 20, 2016. But Smitley's counsel did not do so. Having heard nothing, Plaintiff's counsel sent a follow-up email to Smitley's counsel on August 20, 2016, and again on August 22, 2016—the day before the deposition. *Id*. at 1-2. The latter communication stated that since no alternate dates or times were proposed, Plaintiff anticipated that Smitley and Smitley's counsel would be present for the noticed deposition on August 23, 2016, the next morning. *Id*. Smitley's counsel responded, on the afternoon of August 22, 2016, standing by his initial response on August 18, 2016 – that until there was a plaintiff, Smitley would not be attending the deposition. *Id*. at 1. Smitley's counsel also noted that the deposition was noticed from the now-deceased Plaintiff McGuffin. *Id*.

Again, to avoid a protracted battle on Smitley's obligation to attend a deposition noticed by a deceased plaintiff and because Smitley's counsel made it clear that Smitley would not attend the scheduled deposition the next morning, a Notice of Deposition was re-served in Plaintiff Fair Housing Center's name on August 22, 2016, for September 12, 2016. Exhibit J. The Notice again requested that Plaintiff's counsel be contacted to arrange an agreeable date, time, and place if the proposed date, time, or place was inconvenient to Smitley or counsel. *Id*. Again, having not received any correspondence from Smitley's counsel since the service date, Plaintiff's counsel sent a follow-up email to Smitley's counsel on September 7, 2016. Exhibit K at 3. Plaintiff's and Smitley's counsel then spoke on the telephone on September 8, 2016. For the first time, Smitley's counsel expressed a concern that Smitley's pain medication would make it difficult for her to participate in the deposition. This was the first time Smitley's counsel raised this issue in the litigation. He stated a belief that Smitley would only be able to participate for about 30 minutes, at most. Smitley's counsel stated an intention to speak with Smitley's physician to gain his insights about her ability to focus and recall – and if it a medication alteration would be possible to ensure her full participation.

Based on this new development, in an email on September 9, 2016, Plaintiff's counsel agreed to reschedule the deposition noticed for September 12, 2016. *Id*. at 2. That email proposed two dates for the rescheduled deposition: September 20, 2016, or September 30, 2016. *Id*. Plaintiff's counsel requested that Smitley's counsel provide an update after speaking with Smitley's physician about her ability to fully participate in the deposition. *Id*. Plaintiff's counsel also communicated a willingness to hold the deposition at Smitley's residence, if that would be make it more convenient. *Id*. Smitley's counsel responded to that

email on September 9, 2016, stating that he would provide an update as soon as a response was received from Smitley's physician and also suggested that Plaintiff's preliminary needs could be satisfied by submitting interrogatories. *Id*. at 1. He suggested that during the 30-day turnaround period provided for in the Federal Rules of Civil Procedure for responding to written interrogatories, Smitley could provide answers that could be later developed, to the extent necessary, by a deposition. *Id*. Interrogatories to Smitley were pending at this time.

Having received no follow-up correspondence, Plaintiff's counsel sent an email to Smitley's counsel on September 28, 2016, requesting that Smitley's counsel relay what was learned from Smitley's physician regarding her ability to participate in a deposition. *Id*. To date, no response has been provided to that follow-up inquiry.

## II. Argument

### A. Allowance for Motion to Compel

The Federal Rules of Civil Procedure allow a party to move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The movant must have attempted in good faith to obtain disclosure: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. Further, specifically, a party may file a motion to compel an answer when "a party fails to answer an interrogatory submitted under Rule 33," Fed. R. Civ. P. 37(a)(3)(B)(iii), or when "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Local Rules of the United States District Court for the Southern District of Indiana mirror this allowance to file a motion to compel. S.D.Ind.L.R. 37-1(b). The good faith

requirement is also included in Local Rules: "Prior to involving the court in any discovery dispute, including disputes involving depositions, counsel must confer in a good faith attempt to resolve the dispute." S.D.Ind.L.R. 37-1(a). While a typical discovery dispute would require a status conference with the Magistrate Judge prior to filing a motion to compel, the amended Case Management Plan specifically noted, as is the case here: "If the [discovery] dispute has arisen because a party has failed to timely respond to discovery, the party that served the discovery may proceed with a motion to compel without seeking a conference." (Case Management Plan, Approved as Am., Doc #18).

In light of these rules, their broad construction, Plaintiffs' repeated requests for relevant discovery items and attempts to depose Smitley, and Plaintiffs' repeated attempts to follow-up in good faith on numerous missed discovery deadlines, Defendant stands in clear violation of the rules governing discovery.

### B. The Court Should Compel Smitley to Respond to Plaintiff Fair Housing Center's Written Discovery

Plaintiff McGuffin served her First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production on July 14, 2016, with responses due August 13, 2016. No responses were received by the deadline. Since Plaintiff McGuffin passed away on August 4, 2016, Plaintiff Fair Housing Center decided to re-serve the three discovery items – Plaintiff Fair Housing Center's First Set of Interrogatories, First Set of Requests for Admission, and Second Set of Requests for Production – on August 22, 2016, with responses now due September 21, 2016. Again, no responses were received by the deadline. Plaintiff's counsel sent an email follow-up to Smitley's counsel on September 28, 2016. No response was provided to that follow-up inquiry.

Plaintiffs have attempted in good faith to obtain responses to properly-served written

discovery. In spite of these numerous good faith attempts, Smitley has consistently failed to timely produce responses.

### C. The Court Should Compel Smitley to Appear for a Deposition within 30 Days or, Alternatively, File a Rule 26(c) Motion Proving She Can't

On June 27, 2016, Plaintiff McGuffin properly served a Notice of Deposition on Smitley for August 23, 2016. Having received no communication since the notice was served, Plaintiff's counsel sent an email follow-up to Smitley's counsel on August 18, 2016, inquiring whether the defendant planned to attend. Smitley's counsel responded the same day questioning why the deposition should move forward without a plaintiff, as McGuffin had passed away on August 4, 2016. Plaintiff's counsel responded the same day, instructing Smitley's counsel that the Fair Housing Center has been and continues to be a plaintiff in the lawsuit. Plaintiff's counsel had also previously informed Smitley's counsel of an intent to file a substitution motion pursuant to Federal Rules of Civil Procedure 25(a).

On August 19, 2016, Plaintiff's counsel asked Smitley's counsel about Defendant's intention on attending the noticed deposition. Smitley's counsel stated that a response would be provided by August 20, 2016. Having received no communication, Plaintiff's counsel sent a follow-up email to Smitley's counsel on August 20, 2016, and August 22, 2016. The latter communication stated that since no alternate dates or times were proposed, Plaintiff anticipated that Smitley and Smitley's counsel would be present. Smitley's counsel finally responded, on the afternoon of August 22, 2016, standing by his initial response on August 18, 2016 – that there was no plaintiff and that Smitley would not be attending the deposition. Smitley's counsel also noted that the deposition was noticed from the now-deceased Plaintiff McGuffin.

Plaintiff decided to re-serve the Notice of Deposition in Plaintiff Fair Housing Center's

name on August 22, 2016, for September 12, 2016. Again, having not received any correspondence from Smitley's counsel since the service date, Plaintiff's counsel sent a follow-up email to Smitley's counsel on September 7, 2016. Plaintiff's and Smitley's counsel spoke on the telephone on September 8, 2016. For the first time, Smitley's counsel expressed a concern that Smitley's pain medication would make it difficult for her to participate in the deposition. Smitley's counsel stated an intention to speak with Smitley's physician to gain his insights about her ability to focus and recall – and if it a medication alteration would be possible to ensure her full participation.

On September 9, 2016, Plaintiff's counsel agreed to reschedule the noticed deposition. Two dates were proposed for the rescheduled deposition: September 20, 2016, or September 30, 2016. Plaintiff's counsel requested that Smitley's counsel provide an update after speaking with Smitley's physician about her ability to fully participate in the deposition. Plaintiff's counsel also communicated a willingness to hold the deposition at Smitley's residence. Having received no follow-up correspondence, Plaintiff's counsel sent an email to Smitley's counsel on September 28, 2016, requesting that Smitley's counsel relay what was learned from Smitley's physician regarding her ability to participate in a deposition. No response was provided to that follow-up inquiry.

Plaintiffs have attempted in good faith to schedule a deposition to depose Smitley. Plaintiffs have provided Smitley numerous opportunities to select dates, times, and locations that would be convenient for her, including offering to hold the deposition at her residence. In spite of these numerous good faith attempts, Smitley has consistently failed to participate.

## III. Conclusion

For the foregoing reasons, Plaintiff Fair Housing Center respectfully requests that the Court grant their Motion to Compel and to order Defendant Carolyn Smitley to respond to Plaintiff Fair Housing Center's outstanding written discovery (Plaintiff Fair Housing Center's First Set of Interrogatories, First Set of Requests for Admission, and Second Set of Requests for Production) within 10 days, and to identify a time for Smitley's deposition, that time to be within the next 30 days, or, alternatively, to file, within ten days, a rule 26(c) motion substantiating Smitley's claim that she is unable, for health reasons, to be deposed.

Dated: November 17, 2016.

    Respectfully submitted,

    *s/ Thomas E. Crishon*
    Thomas E. Crishon (No. 28513-49)
    INDIANA DISABILITY RIGHTS
    4701 N. Keystone Ave., Suite 222
    Indianapolis, IN 46205
    317/722-5555
    Fax: 317/722-5564
    tcrishon@indianadisabilityrights.org

    Attorney for the Plaintiffs

### CERTIFICATE OF SERVICE

On November 17, 2016, I served all parties by their attorneys' of record by filing with the Court's CM/ECF system **PLAINTIFF FAIR HOUSING CENTER OF CENTRAL INDIANA'S MOTION TO COMPEL DEFENDANT TO RESPOND TO DISCOVERY**. The CM/ECF system delivered the document by email to:

Melissa L. Keyes
INDIANA DISABILITY RIGHTS
4701 N. Keystone Ave., Suite 222
Indianapolis, IN 46205
mkeyes@indianadisabilityrights.org

Thomas Kayes
BRANCART & BRANCART
77 West Washington, Suite 1313
Chicago, IL 60602
tkayes@brancart.com

Aaron Haith
425 E. Walnut Street
Indianapolis, IN 46202
ahaith@sbcglobal.net

s/ *Thomas E. Crishon*
Thomas E. Crishon
