**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC.; and JESSICA CARLTON, in her capacity as personal representative of the estate of Carolyn McGuffin, | \| \| \| \| \| Case No. 1:16-cv-880-WTL-DML |
| Plaintiffs, | \| |
| v. | \| \| |
| CAROLYN SMITLEY, individually and as trustee of the Smitley Family Trust, | \| \| \| |
| Defendant. | \| |

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS**
**MOTION FOR PARTIAL SUMMARY JUDGEMENT**

## I. Introduction

The Fair Housing Act prohibits a landlord from discriminating against families with children under 18 years of age. One type of prohibited discrimination is making discriminatory statements, including the posting of signs or advertisements that suggest a limitation based on familial status. The Smitley Apartments is an apartment building owned by the Smitley Family Trust and managed by Carolyn Smitley. Located outside the Smitley Apartments, facing the road next to the main entrance to the building, is a large sign affixed to the building that states, "Adults Only." The sign suggests that Smitley does not rent to families with children. This statement is a violation of the Fair Housing Act and no reasonable jury could find otherwise. As such, the Court should grant partial summary judgment as to liability to Plaintiffs and against Smitley, finding that the "Adults Only" sign violates the Fair Housing Act.

## II. Statement of Material Facts Not in Dispute[1]

1. Smitley manages the Smitley Apartments, an apartment building at 5000 Southeastern Avenue in Indianapolis, Indiana. (Answer ¶ 1.)

2. Smitley is the trustee of the Smitley Family Trust, which also owns the Smitley Apartments. (*Id.*)

3. Located outside the Smitley Apartments building, facing the road next to the main entrance to the building, is a large sign affixed to the building that states, "Adults Only" (*Id.* at ¶ 12.):



---

[1] To date, Defendants have failed to meaningfully participate in discovery, leaving Plaintiffs to rely solely on the Defendant's Answer for this Motion. This non-participation has resulted in this Court granting Plaintiffs' Motion to Compel (Dkt. 29, 33) and, as a result of Defendant failing to comply with that Order, Plaintiffs' Motion for Default Judgment (Dkt. 39). Fortunately, even with limited facts not in dispute, there is enough information for this Court to grant partial summary judgment as to liability to Plaintiffs and against Smitley.

## III. Legal Standards

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, a party may seek summary judgment on "part" of a claim: "A party may move for summary judgment, identifying each claim … or <u>part</u> of each claim … on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In evaluating whether a factual dispute is genuine, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Miller v. Gonzalez*, 761 F.3d 822, 826 (7th Cir. 2014).

### B. Section 3604(c) of the Fair Housing Act

"The Fair Housing Act (FHA) is one of the most important pieces of legislation to be enacted by the Congress in the past 60 years." *Ave. 6E Investments, LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 496 (9th Cir. 2016). The Act staked off and prohibited swaths of housing-related conduct, labeling that conduct "discriminatory housing practices." 42 U.S.C. § 3602(f) ("'Discriminatory housing practice' means an act that is unlawful under section 3604 … of this title."). A plaintiff injured by a discriminatory housing practice is entitled to "actual and punitive damages … any permanent or temporary injunction" and "a reasonable attorneys'

fee and costs." 42 U.S.C. § 3613(c). One discriminatory housing practice is making discriminatory statements: "[I]t shall be unlawful to make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on … familial status …, or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. § 3604(c).

To prove that a statement violates § 3604(c), a plaintiff "must show that (1) [the defendant] made a statement; (2) the statement was made with respect to the sale or rental of a dwelling; and (3) the statement indicated a preference, limitation, or discrimination on the basis of [some protected status]." *E.g., Corey v. Sec'y, U.S. Dep't of Hous. & Urban Dev. ex rel. Walker*, 719 F.3d 322, 326 (4th Cir. 2013); *White v. U.S. Dep't of Hous. & Dev.*, 475 F.3d 898, 904 (7th Cir. 2007) ("White needed to present evidence that: (1) Wooten made a statement; (2) the statement was made with respect to the sale or rental of a dwelling; and (3) the statement indicated a preference, limitation, or discrimination …").

The first two elements are often uncontested because the scope of § 3604(c) is as broad as its language—"any notice, statement, or advertisement," "make, print, or publish, or cause to be made, printed, or published"—suggests. *See, e.g., White*, 475 F.3d at 904 ("The parties do not dispute that the statements were made in connection with the sale or rental of a dwelling."); *Access Living v. Prewitt*, 111 F. Supp. 3d 890, 898 (N.D. Ill. 2015) (recognizing defendants' concession of first two elements). Covered statements include "all written or oral notices or statements … any applications, flyers, brochures, deeds, signs, banners, posters, billboards or any documents used with respect to the sale or rental of a dwelling."

24 C.F.R. § 100.75(b); *White*, 475 F.3d at 906 (reversing ALJ's finding of no liability on § 3604(c) claim based on landlord's oral statements), *Jancik v. Dep't of Hous. & Urban Dev.*, 44 F.3d 553, 556 (7th Cir. 1995) (affirming ALJ finding of liability under § 3604(c) based on the landlord's oral statement). The "with respect to the sale or rental of a dwelling" element is equally broad. If the statement was made "by a person engaged in the sale or rental of dwelling," then the statement is covered. *See* 24 C.F.R. § 100.75(b). Thus, liability often turns on the third element—whether the defendant's statement "indicates" discrimination.

That depends on whether the statement "suggests to an ordinary reader that a particular [protected group] is preferred or dispreferred." *Jancik*, 44 F.3d at 556 (quoting *Ragin v. New York Times Co.*, 923 F.2d 995, 999 (2d Cir.), *cert. denied*, 502 U.S. 821 (1991)). The mere suggestion of dispreference is enough: "[C]ourts have not required that [statements] jump out at the reader with their offending message, but have found instead that the statute is violated by 'any [statement] that would discourage an ordinary reader of a particular [protected group] from answering it.'" *Id*. (internal quotation marks omitted). And what matters most is what was said; not what the speaker meant. "[N]o showing of subjective intent to discriminate is needed to prove a violation of this section … ." *United States v. Sec. Mgmt. Co.*, 96 F.3d 260, 269 (7th Cir. 1996).

Thus, if the statement—on its face—indicates discrimination, the statement violates § 3604(c) even if the speaker had no discriminatory intent. *Id*. The ordinary listener standard is, essentially, one of strict liability. *E.g., Hunter v. Williamson*, 2008 WL 2599110, at *3 n.10 (E.D. La. June 25, 2008) (quoting *HUD v. Schmid*, HUD-ALJ No. 02-98-0276-8, at 10 (July 15, 1999)); *see also The Sec'y, United States Dep't of Hous. & Urban Dev. v. Corey*, 2012 WL

2177919, at *2 (HUDALJ 10-M-207-FH-27, June 15, 2012); Robert G. Schwemm, *Discriminatory Housing Statements and § 3604(c)*: *A New Look at the Fair Housing Act's Most Intriguing Provision*, 29 Fordham Urb. L.J. 187, 216 (2001) ("3604(c) is essentially a 'strict liability' statute").

In deciding whether a statement or advertisement indicates discrimination, as in deciding any other point of fair housing law, Courts must keep in mind the Act's "Declaration of Policy": "It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Many Courts, including the Supreme Court and the Seventh Circuit, have construed this statement as Congress's instruction that "the Act must be interpreted broadly." *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1289 (7th Cir. 1977) (recognizing disparate impact liability under the Act); *see also City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 731 (1995) ("In answering this question, we are mindful of the Act's stated policy 'to provide, within constitutional limitations, for fair housing throughout the United States.'"). Further, "[i]t is well established that civil rights statutes should be read expansively in order to fulfill their purpose." *Mayers v. Ridley*, 465 F.2d 630, 635 (D.C. Cir. 1972).

### IV. Argument

Plaintiffs are entitled to summary judgment as to Smitley's liability under § 3604(c) based on the "Adults Only" sign. Section 3604(c) prohibits statements or advertisements that, to an ordinary reader or listener, suggest any preference, limitation, or discrimination against a protected group. As the "Adults Only" sign is affixed to the exterior of the Smitley Apartments building, Smitley is making the statement in the sign. The "Adults Only" sign is a

statement with respect to the rental of dwellings and the Smitley Apartments is a dwelling. Further, the statement "Adults Only" suggests to an ordinary reader a limitation on families and children. As to these points, no reasonable jury could find otherwise. Lastly, there is no justification defense available under § 3604(c).

### A. Smitley Made or Caused Someone to Make the Discriminatory "Adults Only" Sign

Direct liability under § 3604(c) attaches to those who "make, print, publish, or cause to be made, printed, or published" discriminatory statements. "A person is directly liable for the person's own conduct that results in a discriminatory housing practice." 24 C.F.R. § 100.7(a)(1)(i); *see also Meyer v. Holley*, 537 U.S. 280, 287 (2003) (applying *Chevron* deference to HUD regulation interpreting the Fair Housing Act). Further, § 3604(c) expressly prohibits "caus[ing] to be made, printed, or published" discriminatory statements. With the "Adults Only" sign prominently affixed to the apartment building owned by the Smitley Family Trust and managed by Smitley, Smitley has made or published the discriminatory statement. Alternatively, Smitley caused someone to make or publish the statement. No reasonable jury could find otherwise.

### B. The "Adults Only" Sign is a Statement Made With Respect to the Rental of a Dwelling

To fall under § 3604(c), a statement must be made with respect to the sale or rental of a dwelling. This includes statements made by those in the housing business: "The prohibition in this section shall apply to all written or oral notices or statements by a person engaged in the sale or rental of a dwelling." 24 C.F.R. § 100.75(b); *see also Meyer*, 537 U.S. at 287 (applying *Chevron* deference to HUD regulation interpreting the Fair Housing Act).

Further, "[w]ritten notices and statements include any applications, flyers, brochures, deeds, signs, banners, posters, billboards or any documents used with respect to the sale or rental of a dwelling." *Id.*; *see also Mayers v. Ridley*, 465 F.2d 630, 633 (D.C. Cir. 1972) ("Unless the words 'notice' and 'statement' are to be treated as surplusage, they must mean that the Act prohibits at least some communications which cannot be classified as advertisements.").

Here, a large sign was installed on the exterior of the apartment building facing a busy road that states to the public and all potential residents that no children can live there. This prominent statement was affixed next to the main entrance and advertised furnished units. The sign constitutes a statement or advertisement under § 3604(c) and there is no doubt the sign was made or published by either Smitley – the building's landlord – or an agent of Smitley Family Trust, those primarily engaged in renting dwellings. Accordingly, the statement was made with respect to the sale or rental of a dwelling and therefore falls under § 3604(c). No reasonable jury could find otherwise.

And no one can dispute that the Smitley Apartments is a dwelling under the Fair Housing Act. A "dwelling" is "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b). "Family," as used in this definition, includes a single individual. 42 U.S.C. § 3602(c). The Smitley Apartments is an occupied building with eighteen units offered for lease and is a dwelling for purposes of § 3604(c).

### C. "Adults Only" Indicates Discrimination Based on Familial Status

The "Adults Only" sign indicates a limitation on the basis of familial status because it suggests to an ordinary reader that Smitley will not rent to families with children. No reasonable jury could find otherwise. The statement is plain.

Other courts have granted or affirmed summary judgment under § 3604(c) on similar statements. In *Kormoczy v. Sec'y, U.S. Dep't of Hous. & Urban Dev. on Behalf of Briggs*, 53 F.3d 821 (7th Cir. 1995), the Court affirmed an administrative law judge's findings that a landlord's statement to home seekers with a six-year-old child that she "did not want children living there" was evidence of a § 3604(a) violation and a violation of § 3604(c). In *Fair Hous. Cong. v. Weber*, 993 F. Supp. 1286 (C.D. Cal. 1997), the Court granted summary judgment to a fair housing organization and prior tenant with a minor child based on a holding that an apartment manager's statements to prospective tenants that she would not rent certain units "to families with small children" amounted to illegal steering in violation of § 3604(a), § 3604(b), and § 3604(c). In *Blomgren v. Ogle*, 850 F.Supp. 1427 (E.D. Wash. 1993), the Court granted summary judgment finding that a written policy for an apartment building that stated "no children (other than visiting) or pets" violated § 3604(c). Finally, in *Jancik v. Dep't of Hous. & Urban Dev.*, 44 F.3d 553 (7th Cir. 1995), the Court agreed with an administrative law judge's findings that a landlord violated § 3604(c) when he made statements that he "did not want any families with children" and posted an "advertisement indicating his preference for a 'mature person.'" Similar to the statements in these cases, Smitley's sign violates § 3604(c).

If there could be any doubt, the regulations would silence it. Under that regulation,

"[u]sing words ... which convey that dwellings are ... not available to a particular group of persons because of ... familial status" violates § 3604(c). 24 C.F.R. § 100.75(c)(1); *see also Meyer v. Holley*, 537 U.S. 280, 287 (2003) (applying *Chevron* deference to HUD regulation interpreting the Fair Housing Act). That dwellings are not available to a particular group because of familial status is exactly what the sign conveys: Smitley rents to adults only; no children allowed. No reasonable jury could find that this language "conveys" anything other than that the Smitley Apartments are not available to families with children.

### D. That the Owner Intended the Statement to be for the Protected Class' Own Good is No Defense to Liability under § 3604(c)

To date, Smitley has not proffered a reason for the "Adults Only" rule. However, even if there is an explanation that would appear reasonable for the prohibition of families with children, the statement would be unlawful. Section 3604(c) prohibits statements that "indicate" discrimination even if the sentiment expressed in the statement is or may seem reasonable. *See, e.g.*, *United States v. Grishman*, 818 F. Supp. 21(D. Me. 1993). This is so for two important reasons.

The first reason has to do with the nature of advertising. The passerby who sees Smitley's sign does not know about the reasoning for the prohibition. All the passerby sees is "Adults Only." This leaves the impression that discrimination against families with children is legal. Thus, "[v]iolations of § 3604(c) delay acceptance and appreciation of the notion that fair housing is now the law of the United States and require ongoing, costly efforts to re-educate relevant groups about their rights and responsibilities ... ." Robert G. Schwemm, *Discriminatory Housing Statements and § 3604(c)*: *A New Look at the Fair Housing*

*Act's Most Intriguing Provision*, 29 Fordham Urb. L.J. 187, 250 (2001); *see also Spann v. Colonial Village*, 899 F.2d 24, 30 (D.C. Cir. 1990) ("the ads created a public impression that segregation in housing is legal, thus facilitating discrimination by defendants or other property owners and requiring a consequent increase in [fair housing] organizations' educational programs on the illegality of housing discrimination") (Ginsberg, J.). Only by being a strict-liability standard, does § 3604(c) address this important perception issue.

The second reason that no justification defense is available under § 3604(c) is to ensure that members of protected classes receive truthful information and are allowed to make their own decisions about what housing is appropriate for their needs. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) ("Section [3604(d) of the Fair Housing Act], which, in terms, establishes an enforceable right to truthful information concerning the availability of housing … ."). *United States v. Grishman*, 818 F. Supp. 21(D. Me. 1993), illustrates the principle. There, the district court granted summary judgment against Grishman under § 3604(c) because he admitted "that he 'informed [a prospective tenant with two young children] that the property was less suitable for tenants with small children than those with older children or no children … .'"). *Id*. Grishman held no ill will toward children; rather, he made the statements out of concern for their safety. He was specifically concerned that a cliff on the property would be unsafe for children. That his statements were benevolent and perhaps reasonable did not prevent them from being unlawful: "Nothing in the statute permits the owner to determine that risks and circumstances of his dwelling and the neighborhood make it inappropriate for children. That decision is for the tenant." *Id.* at 23; *see also Fair Hous. Cong. v. Weber*, 993 F. Supp. 1286, 1293 (C.D. Cal. 1997) ("Even if her

preference is based on legitimate safety concerns, this does not cure the violation of [§ 3504(a) and 3504(c)]; such judgments are to be left to parents, not landlords … .").

It does not matter if Smitley believes there is a reason to deny families with children from staying at the Smitley Apartments. To stay within the law, a landlord need only inform prospective tenants of the reasoning and allow the tenant to make an informed decision. Making discriminatory statements, however, is a violation of the Fair Housing Act.

### V. Conclusion

Smitley has a large sign posted on the exterior of the Smitley Apartments, on a major road, that reads, "Adults Only." This sign constitutes a statement made with respect to the sale or rental of a dwelling and the sign clearly indicates a preference for individuals or families without children. The statement—on its face—indicates discrimination and no ordinary reader would disagree. There is no genuine dispute as to any material fact and Plaintiffs are entitled to judgment as a matter of law. As a result, the Court should grant partial summary judgment as to liability to Plaintiffs and against Smitley, finding that the "Adults Only" sign violates § 3604(c).

Dated: May 19, 2017.

                     Respectfully submitted,

                     *s/ Thomas E. Crishon*
                     Thomas E. Crishon (No. 28513-49)
                     Melissa L. Keyes (No. 30152-49)
                     INDIANA DISABILITY RIGHTS
                     4701 N. Keystone Ave., Suite 222
                     Indianapolis, IN 46205
                     317/722-5555
                     Fax: 317/722-5564
                     tcrishon@indianadisabilityrights.org
                     mkeyes@indianadisabilityrights.org

*s/ Christopher Brancart*
Christopher Brancart (CA128475)
BRANCART & BRANCART
Post Office Box 686
Pescadero, CA 94060
650/879-0141
Fax: 650/879-1103
cbrancart@brancart.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

On May 19, 2017, I served all parties by their attorneys' of record by filing with the Court's CM/ECF system **PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT**. The CM/ECF system delivered the document by email to:

Melissa L. Keyes
INDIANA DISABILITY RIGHTS
4701 N. Keystone Ave., Suite 222
Indianapolis, IN 46205
mkeyes@indianadisabilityrights.org

Christopher Brancart
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060
cbrancart@brancart.com

Aaron Haith
425 E. Walnut Street
Indianapolis, IN 46202
ahaith@sbcglobal.net

*s/ Thomas E. Crishon*
Thomas E. Crishon