**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| FAIR HOUSING CENTER OF CENTRAL | ) | |
| INDIANA, INC., et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Cause No. 1:16-cv-880-WTL-DML** |
| vs. | ) | |
| | ) | |
| CAROLYN SMITLEY, individually | ) | |
| and as trustee of the Smitley Family | ) | |
| Trust, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

This cause is before the Court on the Plaintiffs' Motion for Default Judgment (Dkt. No.

39). The Court, being duly advised, now **GRANTS** the Plaintiffs' motion for the reasons set

forth below.[1]

## I. BACKGROUND

The Plaintiffs filed this action on April 19, 2016. On May 19, 2016, Defendant Carolyn

Smitley filed a motion for extension of time to file an answer and eventually filed an answer on

June 15, 2016. The Case Management Plan ("CMP") approved by the Court on July 20, 2016,

included the following language: "Upon approval, this Plan constitutes an Order of the Court.

Failure to comply with an Order of the Court may result in sanctions for contempt, or as

provided under Rule 16(f), to and including dismissal or default." Dkt. No. 18 at 11.

Plaintiff McGuffin served her First Set of Interrogatories, First Set of Requests for

Admission, and First Set of Requests for Production on July 14, 2016, with responses due

---

[1]The Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 52) is **DENIED AS
MOOT**.

August 13, 2016. No responses were received by the deadline. Plaintiff McGuffin passed away

on August 4, 2016, and Plaintiff Fair Housing Center served the discovery items (Plaintiff Fair

Housing Center's First Set of Interrogatories, First Set of Requests for Admission, and Second

Set of Requests for Production) on August 22, 2016, with responses due on September 21, 2016.

Smitley failed to respond by that deadline. Plaintiffs' counsel sent an email follow-up to

Smitley's counsel on September 28, 2016, but Smitley's counsel did not respond to that follow-

up inquiry.

On June 27, 2016, Plaintiff McGuffin served a Notice of Deposition on Smitley for

August 23, 2016. Having received no communication since the notice was served, Plaintiffs'

counsel sent an email follow-up to Smitley's counsel on August 18, 2016, asking whether

Smitley would attend the deposition. Smitley's counsel responded the same day, questioning

why the deposition should move forward without a plaintiff, as McGuffin had passed away on

August 4, 2016. Plaintiffs' counsel responded the same day, reminding Smitley's counsel that the

Fair Housing Center was also a plaintiff in the lawsuit. Further, Plaintiffs' counsel had

previously informed Smitley's counsel of an intent to file a motion pursuant to Federal Rule of

Civil Procedure 25(a) to substitute the appropriate representative of the estate of McGuffin.[2]

On August 19, 2016, Plaintiffs' counsel again asked Smitley's counsel whether Smitley

planned to attend the noticed deposition. Smitley's counsel indicated that a response would be

provided by August 20, 2016. Having received no response, Plaintiffs' counsel emailed

Smitley's counsel on August 20, 2016, and August 22, 2016. The latter communication stated

that since no alternate dates or times were proposed, Plaintiffs expected that Smitley and

---

[2]Jessica Carlton, as the personal representative of the Estate of Carolyn McGuffin, has since been substituted as a Plaintiff in this case.

Smitley's counsel would be present. On the afternoon of August 22, 2016, Smitley's counsel responded, repeating his position from August 18, 2016, that there was no plaintiff and that Smitley would not be attending the deposition. Smitley's counsel also noted that the deposition was noticed by the now-deceased Plaintiff McGuffin.

Plaintiff then re-served the Notice of Deposition in Plaintiff Fair Housing Center's name on August 22, 2016, for September 12, 2016. On September 7, 2016, having received no response from Smitley's counsel since the notice was served, Plaintiffs' counsel sent a follow-up email to Smitley's counsel. Plaintiffs' and Smitley's counsel spoke on the telephone on September 8, 2016, and Smitley's counsel expressed a concern that Smitley's pain medication would make it difficult for her to participate in the deposition. On September 9, 2016, Plaintiffs' counsel agreed to reschedule the noticed deposition and proposed two dates for the rescheduled deposition: September 20, 2016, or September 30, 2016. Plaintiffs' counsel requested that Smitley's counsel provide an update after speaking with Smitley's physician about her ability to fully participate in the deposition. Plaintiffs' counsel also communicated a willingness to hold the deposition at Smitley's residence. Having received no follow-up correspondence, Plaintiffs' counsel sent an email to Smitley's counsel on September 28, 2016, requesting that Smitley's counsel relay what was learned from Smitley's physician regarding her ability to participate in a deposition. Smitley's counsel provided no response to that follow-up inquiry.

The Plaintiffs filed a Motion to Compel on November 17, 2016, concerning Smitley's failure to respond to the written discovery requests and refusal to schedule Smitley's deposition. Smitley did not respond to the Motion to Compel. The Magistrate Judge granted the Motion to Compel on December 7, 2016, ordering Smitley to answer the August 22, 2016, discovery requests no later than December 21, 2016; make herself available for a deposition between

December 28, 2016, and January 13, 2017; and provide Plaintiffs, within five days of the Order, with three different dates between that date range that Smitley would be available for deposition.

With regard to the deposition, the Order noted that if Smitley failed to provide dates within five days, the Plaintiffs could choose a date for the deposition and issue a notice. Neither Smitley nor Smitley's counsel made contact with the Plaintiffs' counsel within five days of the Order. Accordingly, on December 21, 2016, the Plaintiffs served a Notice of Deposition on Smitley for January 12, 2017. Also on December 21, 2016, a settlement conference at which both Smitley and Smitley's counsel appeared was held.

Despite the Court's order, Smitley failed to provide any responses to the outstanding discovery on December 21, 2016. Smitley's counsel indicated that responses would be provided "sometime before the deposition." Dkt. No. 40-1 at 1.  Plaintiffs' counsel asked that responses be provided as soon as possible so that they could be reviewed in advance of the deposition.

On the afternoon of January 11, 2017, the day before the deposition was to be held, Smitley's counsel called Plaintiffs' counsel to state that Smitley would be unable to attend the following day. Smitley's counsel indicated that Smitley was on her way to the hospital to be treated for pneumonia and that he was unsure how long she would be admitted. Plaintiffs' counsel requested a physician or hospital statement to document Smitley's condition and hospitalization, and Smitley's counsel agreed to obtain and provide a statement. Plaintiffs' counsel also reminded Smitley's counsel about the responses to the outstanding discovery. Smitley's counsel followed-up that phone call with an email and again indicated that he would provide a statement from Smitley's doctor. He also acknowledged that discovery responses still needed to be provided.

Plaintiffs' counsel responded to that email, acknowledging that the January 12, 2017, deposition would be rescheduled. Plaintiffs' counsel requested that Smitley provide three dates that she would be available for the deposition by January 16, 2017, and again requested responses to the outstanding discovery and a statement from Smitley's doctor.

On January 18, 2017, having received no proposed deposition dates and no update on Smitley's condition or physician statement, Plaintiffs' counsel sent a follow-up email. Smitley's counsel responded that day and indicated that Smitley was in and out of the hospital. On January 24, 2017, having not heard from Smitley's counsel since January 18, Plaintiffs' counsel sent another email. In addition to requesting the outstanding discovery and doctor's statement, the email requested that by January 30, 2017, Smitley provide three dates in February for her deposition.

Smitley's counsel responded on January 26, 2017, indicating that he was having trouble communicating with Smitley and that he would be out of town until the following Monday. Smitley's counsel contacted Plaintiffs' counsel on January 30, 2017, stating that he had no information to provide. On February 2, 2017, counsel for Smitley and the Plaintiffs participated in a telephonic status conference. Smitley's counsel reported that he had been unable to obtain any information needed for discovery responses, any information requested to further settlement discussions, or any type of documentation related to the condition and hospitalization of Smitley. Smitley's counsel communicated that he was concerned that he could not stay on the case much longer, and he expressed his displeasure and disappointment that he had been unable to supply anything that he had promised. Smitley's counsel asked Plaintiffs' counsel to give him a few more days to attempt to obtain the necessary documents before taking any action, and Plaintiffs' counsel agreed.

On March 3, 2017, the Plaintiffs filed their motion for default judgment. On March 20, 2017, Smitley filed a motion for extension of time to file a response. On March 21, 2017, the Plaintiffs filed a response opposing the extension. On March 24, 2017, the Magistrate Judge allowed Smitley to file a response but imposed two conditions: 1) Smitley was required to provide her responses, including the responsive documents, to the Plaintiffs' outstanding discovery requests by March 29, 2017; and 2) Smitley was required to provide a doctor's report on her medical condition and medications. The Magistrate Judge indicated that if those conditions were met, Smitley would be allowed to file a response to the Plaintiffs' motion for default judgment by April 3, 2017.

On March 24, 2017, Smitley filed what she termed a supplement to her motion for extension of time. In that pleading, her counsel indicated that Smitley, with the assistance of her grandson, had provided him with trust documents; will documents of Smitley's late husband; and tax returns for the years 2013, 2014 and 2015, including revenue/expense records from her operation of rental property. Smitley's counsel stated that Smitley had provided an oral list of trust properties at the mediation. Smitley's counsel stated that Smitley had not provided him with a list of trust assets or the assessed values of the properties, nor had she yet provided him with a physician's report.

On March 29, 2017, Smitley filed a notice of partial compliance with the Court's order of March 24, 2017. She indicated that she had provided documents that were responsive to the Plaintiffs' outstanding written discovery requests, but that she was unable to afford a report of her medical condition. She did provide some medical records. Smitley also asked that the deposition take place at her home, as she was mostly confined to her bed.

On March 30, 2017, the Plaintiffs filed what they termed a statement of Smitley's non-compliance with the Court's March 24, 2017, order. The Plaintiffs acknowledged that they received a number of documents from Smitley's counsel; however, the Plaintiffs indicated that the documents were not responses to the Plaintiffs' outstanding discovery. Specifically, the Plaintiffs indicated that Smitley provided supplemental responses to Fair Housing Center's first request for production of documents.[3] However, the Plaintiffs identified other responses that Smitley had been ordered to provide but did not. Specifically, responses to Fair Housing Center's second request for production of documents and Fair Housing Center's first set of interrogatories, both served on August 22, 2016, were not provided. Plaintiffs' counsel indicated that they had sent an email to Smitley's counsel informing him of the inadequacy of the information provided, but had not received a response. Smitley's notice of partial compliance was filed after the email was sent.

Smitley has not filed a response to the Plaintiffs' motion for default judgment. On May 19, 2017, the Plaintiffs filed a motion for partial summary judgment. Smitley filed a response on June 13, 2017, and the Plaintiffs filed a reply on June 27, 2017.

On August 23, 2017, Smitley's counsel filed a motion for leave to withdraw his appearance. Counsel indicated that he no longer had meaningful contact with Smitley or any other person associated with the Smitley Family Trust. He also indicated that he had written a letter and left phone messages regarding his intent to withdraw but had not received any response. On August 31, 2017, the Magistrate Judge granted Smitley's counsel's motion to

---

[3]According to the Plaintiffs, the documents provided to Plaintiffs' counsel on March 28, 2017 were 2013 tax returns, 2014 tax returns, 2015 tax returns, and Declaration of Trust for Smitley Family Trust. The Plaintiffs also acknowledged that Smitley previously had provided Charles D. Smitley's Last Will and Testament, Living Will Declaration, and Durable Power of Attorney.

withdraw his appearance. The Magistrate Judge explained in that order that Smitley had been

sued both individually and in her capacity as trustee of the Smitley Family Trust, and that she

could not proceed *pro se* in the latter capacity. Accordingly, she ordered that Smitley, as trustee

of the Smitley Family Trust, obtain new counsel by October 2, 2017, and warned that failure to

have counsel appear "may result in the recommendation that a default be entered." Dkt. No. 63 at

1.

On September 17, 2017, counsel for the Plaintiffs filed a proof of personal service of

court orders on Smitley, indicating that the order on the motion to extend deadlines and the order

on Smitley's counsel's motion to withdraw had been personally served on Smitley. On

September 27, 2017, the Plaintiffs filed a request to extend the deadline for counsel to appear on

behalf of Smitley in her capacity as trustee of the Smitley family trust. The motion indicated that

Smitley had contacted an attorney for the Plaintiffs and indicated that she understood the order

but that she did not have an attorney. The Plaintiffs' attorney provided Smitley with contact

information for a local referral service, and Smitley indicated that she would call that service.

The Magistrate Judge extended the deadline until October 9, 2017. On December 27, 2017, as

counsel had not yet appeared to represent the Smitley family trust, the Magistrate Judge directed

the Clerk to enter a default against Smitley in her capacity as trustee of the Smitley Family Trust.

Dkt. No. 68. The Magistrate Judge's order made clear that it did not resolve the request for entry

of default against Smitley in her individual capacity.

## II.    STANDARD

The Plaintiffs have moved for default judgment under Federal Rule of Civil Procedure 37

and the Court's inherent power to sanction conduct. If a party does not obey an order to provide

discovery, the Court may enter "further just orders . . . including (vi) rendering a default

judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). Although there are no particular factors that a court must analyze in imposing sanctions under Rule 37, courts generally consider "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (quotation marks and citation omitted). A default judgment is an appropriate sanction where (1) there is "a clear record of delay or contumacious conduct"; (2) where "other less drastic sanctions have proven unavailing"; or (3) where a party displays "willfulness, bad faith, or fault." *Domanus v. Lewicki,* 742 F.3d 290, 301 (7th Cir. 2014) (quoting *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), *overruled on other grounds by Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 781 (7th Cir. 2016)).

The court also "has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez*, 845 F.3d at 776. Sanctions imposed pursuant to the court's inherent authority "must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.* The Seventh Circuit has made clear that the court's inherent authority "is a residual authority, to be exercised sparingly" and should only be used to sanction conduct "not adequately dealt with" by other rules and statutes. *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 391 (7th Cir. 2002).

To exercise either power, the Court must "find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Ramirez*, 845 F.3d at 776. "In civil cases, the

facts underlying a district court's decision to dismiss the suit or enter a default judgment as a sanction under . . . the court's inherent authority need only be established by a preponderance of the evidence." *Id.* at 781.

## III.    DISCUSSION

First, the Court must determine whether sanctions are appropriate. The Court will consider the non-exclusive factors of "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Rice*, 333 F.3d at 784 (quotation marks and citation omitted).

The Plaintiffs point to numerous examples of Smitley's failure to comply with deadlines. As set forth in detail above, Smitley repeatedly has failed to provide discovery, repeatedly has failed to make herself available for a deposition, and repeatedly has failed to follow other court orders. Additionally, she failed to file initial disclosures and preliminary witness and exhibit lists as required by the CMP.

Unsurprisingly, Smitley's failures have adversely affected the Court's time and schedules. The case has been unable to proceed as scheduled due to Smitley's failure to participate in this litigation and comply with the Court's deadlines. Further, the Plaintiffs have been prejudiced by Smitley's failures, as they have prevented them from obtaining the basic information they need to proceed with their case and make informed decisions about how to move forward.

Additionally, the merits of the Plaintiffs' case appear strong. The Plaintiffs first claim that Smitley discriminated against McGuffin in violation of 42 U.S.C. § 3604(f)(1) and (f)(2) when she pursued eviction against McGuffin because Smitley maintained that McGuffin was

"too sick" to live in a rental unit and should be "in a nursing home." The Plaintiffs next claim that Smitley's statements regarding the rental units being "Adults Only" violate the Fair Housing Act. The arguments made by the Plaintiffs in support of these claims evince a likelihood of success on the merits. Each of the non-exhaustive factors, both individually and as a whole, strongly suggests that sanctions against Smitley are appropriate.

Having determined that sanctions are appropriate, the Court next must determine whether the extreme sanction of default judgment is appropriate; there must be (1) "a clear record of delay or contumacious conduct"; (2)"other less drastic sanctions [must] have proven unavailing"; or (3) a party must have displayed "willfulness, bad faith, or fault." *Domanus*, 742 F.3d at 301 (quotation and citation omitted). Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). Fault is "unconcerned with the non-complying party's subjective motivation, but rather 'only describe[s] the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation.'" *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (quotation omitted). "Fault . . . suggests objectively unreasonable behavior; it does not include conduct that we would classify as a mere mistake or slight error in judgment." *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000).

Looking at the facts as a whole as laid out above, Smitley has displayed bad faith and fault. With regard to bad faith, the Court's Order on Plaintiffs' Motion to compel required Smitley to answer the August 22, 2016, discovery requests no later than December 21, 2016; make herself available for a deposition between December 28, 2016, and January 13, 2017; and provide Plaintiffs, within five days of the Order, with three different dates between that date range that Smitley would be available for deposition. Smitley's repeated failures to comply with

the court's order supports a finding of reckless disregard of her obligations and thus warrants a

finding of bad faith. *See Nelson v.Schultz*, __ F.3d __, 2017 WL 6522462 (7th Cir. Dec. 21,

2017) (finding that district court did not abuse its discretion when it dismissed case when the

plaintiff's discovery violations were willful and repeated). Further, Smitley's conduct throughout

the litigation has been wholly unreasonable and thus supports a finding that she has displayed

fault.

The Court has carefully considered whether a less serious sanction would be appropriate.

*See Long*, 213 F.3d at 986. The Court also has evaluated Smitley's conduct in the context of the

litigation as a whole to ensure that the "penalty [is] proportionate to the wrong." *Ridge Chrysler*

*Jeep, LLC v. DaimlerChrysler Financial Services Americas LLC*, 516 F.3d 623, 626 (7th Cir.

2008). Smitley's conduct is far more than "just isolated incidents of abuse." *Domanus*, 742 F.3d

at 301. Rather, her refusal to follow court orders, provide discovery, and make herself available

for a deposition have stretched throughout the pendency of this lawsuit. Weighing "not only the

straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on

over the course of the lawsuit," *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th

Cir. 2011), the Court finds that default judgment in favor of the Plaintiffs is warranted.

## IV.     CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Default Judgment (Dkt. No. 39) is

**GRANTED**. The final pretrial conference and bench trial in this case are **VACATED**. A

damages hearing with regard to Carolyn Smitley in her individual capacity will be held on March

12, 2018, at 9:00 a.m. The Court has set aside one day for this hearing; if any party believes

more time is needed, the party should so notify the Court promptly. The parties shall file witness

and exhibit lists at least **14 days prior to the hearing**.

Entry of default recently has been made against Carolyn Smitley in her capacity of trustee of the Smitley Family Trust. Any motion for default judgment against her in that capacity shall be filed by January 31, 2018, so that it, too, may be resolved at the damages hearing. Smitley may appear and represent herself, individually, at the hearing, but she may not represent the interests of the Trust.

**SO ORDERED: 1/10/18**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United State Mail to:**

**Carolyn Smitley**
**7309 S. Arlington Ave.**
**Indianapolis, IN  46237**

Copies to all counsel of record via electronic notification